**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0292, <u>Wayne Rowe, Jr. v. Stephan Condodemetraky & a.</u>, the court on February 15, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Stephan Condodemetraky and Aftokinito Rally, Inc. (ARI), appeal the order of the Superior Court (<u>Schulman</u>, J.) granting summary judgment in favor of the plaintiff, Wayne Rowe, on his Consumer Protection Act claim, <u>see</u> RSA chapter 358-A (2009 & Supp. 2016), arguing that there is a genuine issue of material fact precluding summary judgment.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and inferences properly drawn from them, in the light most favorable to the non-moving party.  <u>Sabinson v. Trustees of Dartmouth College</u>, 160 N.H. 452, 455 (2010).  If this review does not reveal any genuine issues of material fact, <u>i.e.</u>, facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm.  <u>Id</u>.  We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>.  <u>Id</u>.

The trial court found that the plaintiff purchased a used automobile from ARI on October 14, 2014.  The plaintiff paid $2,000 in cash and financed the $4,599 balance with ARI.  He agreed to pay the financed portion in monthly installments over the next year.  The purchase contract provided that the first payment was due in November 2014.  On October 30, 2014, Condodemetraky demanded that the plaintiff make the first payment the following day, October 31, 2014.  When the plaintiff responded that he could pay in one week, Condodemetraky replied, "we can hold the car until payment is made."  When the plaintiff advised Condodemetraky that the vehicle was in Pennsylvania, Condodemetraky texted, "Then it needs to be moved back here to our facility, this is your responsibility."  When the plaintiff advised Condodemetraky that he would be unable to comply, Condodemetraky responded that if the vehicle was not returned, "we will report it as stolen and pick it up when the police retrieve it."

The plaintiff made the first loan payment on November 13, 2014, and the second loan payment on December 14, 2014.  Although the parties' contract

did not include a provision for late fees, the defendants imposed a late fee for the November payment.  In January 2015, the plaintiff told Condodemetraky that he would not be able to make the third payment until late January.  Condodemetraky then applied for and obtained title to the vehicle in ARI's name.  Although Condodemetraky never actually reported the vehicle as having been stolen, he notified the plaintiff, "Due to your delinquent payments the car has been reported stolen."  In March 2015, Condodemetraky contacted the plaintiff's employer and repossessed the vehicle from the employer's parking lot.

Under the Consumer Protection Act, it is unlawful "to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."  RSA 358-A:2.  The trial court found that the defendants violated the Act by:  (1) demanding payment before it was due; (2) imposing an extra-contractual late charge; (3) purporting to have a secured interest in the vehicle, in the absence of a security agreement; (4) threatening to report the vehicle as stolen; and (5) contacting the plaintiff's employer.

The defendants argue that the trial court erred in entering summary judgment for the plaintiff because there was a genuine issue of material fact as to whether their conduct constituted "trade or commerce."  "To determine whether the Consumer Protection Act applies to a particular transaction, we analyze the activity involved, the nature of the transaction, and the parties to determine whether a transaction is a personal or business transaction."  Ellis v. Candia Trailers & Snow Equip., 164 N.H. 457, 465 (2012) (quotation omitted).  "Remedies under the Consumer Protection Act are not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business."  Id. (quotation omitted).  The defendants allege that ARI never previously extended credit to a buyer of a vehicle, and that they did so in this case only as a courtesy to the plaintiff, a former ARI employee, when his employment ended in October 2014.

The defendants admit that the plaintiff purchased a used motor vehicle from ARI, that ARI is a New Hampshire corporation "primarily engaged in the sale of used motor vehicles," and that Condodemetraky is "the sole officer and director" of ARI.  Although the financing aspect of the sale may have been unique, we conclude that there is no genuine issue of material fact that the transaction involved the defendants' conduct of trade or commerce.  See id.

The defendants also argue that the trial court erred in failing to consider the "trade or commerce" issue, and in failing to make a specific finding that their conduct constituted "trade or commerce."  The fact that the court did not expressly state in its order that the defendants' conduct constituted trade or commerce does not mean that the court did not consider this issue.  In re Jonathan T., 148 N.H. 296, 304 (2002).  Moreover, in the absence of a party's

request, the trial court is not obligated to make specific factual findings. Caouette v. Town of New Ipswich, 125 N.H. 547, 558 (1984). We assume the court made all findings necessary to support its decision, even if it did not do so expressly. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). We conclude that the record supports the trial court's implicit finding that the defendants' conduct constituted trade or commerce.

The defendants' argument that the plaintiff did not seek relief under the Consumer Protection Act is contrary to the record. The first count in the plaintiff's counterclaim is a claim under the Act. The plaintiff moved for summary judgment on his Consumer Protection Act claim, as the defendants expressly acknowledged in their opposing memorandum. Moreover, the plaintiff argued in his reply memorandum that the defendants are liable under the Consumer Protection Act, even if they are not liable under the unfair debt collection practices act.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

3